# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

**UNITED STATES OF AMERICA,**

v.

**RYON O'NEAL JOSEPH,**

    Defendant.

Case No. 5:93-CR-22 (HL)

## ORDER

This case is before the Court on Defendant's Motion for Recusal and Complaint for Conspiracy Against Rights (Doc. 346). Defendant moves pursuant to 28 U.S.C. §§ 445(a) and (b)(1) to recuse the Court from his case. Defendant also contends that the Court has violated 18 U.S.C. § 241.

Defendant was convicted in 1994 of various charges arising from a bank robbery. He then began filing pleadings contending that his imprisonment was unlawful. In an order (Doc. 334) dated May 4, 2009, the Court informed Defendant that if he submitted any more frivolous motions to the Court, he would be sanctioned. Defendant filed another motion, and true to its word, the Court entered an order (Doc. 340) sanctioning Defendant in the amount of $500.

Defendant requests that the Court be recused from this case and replaced with a new judge "who will not allow their personal views and feelings to override their duties and obligations to uphold the constitution and laws of the United States." (Doc. 346, p. 5).

Section 455 of Title 28 directs, in part, that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party." Id. § 455(b)(1). In interpreting § 455, the Eleventh Circuit has explained that "[d]isqualification under section 455(a) is required only when the alleged bias is personal in nature." Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994). As the Eleventh Circuit further noted, "[F]or a bias to be personal, and therefore disqualifying, it must stem from an extrajudicial source. Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal." Id. at 780 (quoting In re Corrugated Container Antitrust Litig., 614 F.2d 958, 964 (5th Cir. 1980)) (other citations and internal quotations omitted).

Defendant's Motion stems from his dissatisfaction with the Court's rulings in this case. There is no showing of "an extra-judicial source" for the bias which Defendant alleges, nor has he offered any bases, other than his unhappiness with the Court's decisions, to support his claim that this Court cannot be impartial. Defendant's displeasure with the Court's rulings is not a valid ground for recusal. Accordingly, the Motion is denied insofar as it seeks recusal.

To the extent Defendant moves for any relief on his claim that the Court has violated 18 U.S.C. § 241, that request is also denied.

**SO ORDERED**, this the 14th day of November, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh